IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN ABERNATHY

Plainitff

Vs.

INDIANA UNIVERSITY OF PENNSYLVANIA, CLARE DANDENAU, TIMOTHY MACK, AND JOHN KILMARX

Defendants

12 - 1119

### AMENDED COMPLAINT

1. The plaintiff is a resident of Swissvale, Allegheny County, Pennsylvania and a citizen of the United States
2. The defendant Clare Dandenau is a citizen of the United States
3. The defendant Timothy Mack is a citizen of the United States
4. The defendant John Kilmarx is a citizen of the United States

### JURISDICTION

5. The court has jurisdiction over the matter pursuant to 28U.S.C. 1331

### FACTS

6. The plantiff marticulated at Indiana University of Pennsylvania starting in the fall of 2010
7. The plaintiff has an interest in his education
8. The plaintiff has a property interest in his education
9. The genesis of the adverse actions taken by the defendants was an accusation of misconduct by Dr. Dandeneau, dean of the Indiana University of Pennsylvania Department of Counseling
10. The plainitiff met the clear academic standards stated in the Indiana University of Pennsylvania graduate studies catalog and the Department of Counseling catalog.
11. If the defendants were accusing the plaintiff of an academic offense, they did not follow the procedures in the Indiana University of Pennsylvania catalog in effect when they chose to take adverse actions against the defendant
12. Defendant Mack sent the plaintiff an expulsion letter dated, February 13, 2012, indicating that he was dismissed immediately.  It stated numerous reasons for the plaintiff's dismissal.
13. Dr. Mack in his dismissal letter indicated that he would mark the plaintiff academic record with the expulsion, leaving a reasonable person to believe that it had the effect of "blacklisting" the plaintiff from future employment and academic training options.

14. The plaintiff was told in Dr. Mack's letter that he could file an appeal letter and did so.   The plaintiff expressed concerns about the characterization of his conduct as "unprofessional" and material errors in the defendants expulsion letter.   Additionally, the plaintiff expressed his concern about the defendant not addressing his due process rights, under the 5th and 14th amendments of the United States Constitution.
15. Dr. Kilmarx sent a letter to the plaintiff dated indicating that he was concurring with the expulsion decision.  The defendant didn't explain the basis for the decision other than stating that he reviewed all "relevant material".
16. The deprivation of the plantiff started after Dr. Kilmarx's response to the plaintiff.
17. By the failure to address or make a good faith effort in addressing the plaintiffs fifth and fourteenth amendment rights, defendants Mack and Kilmarx showed deliberate indifference toward the harm their actions caused the plaintiff.
18. The actions taken by defendants, Mack and Kilmarx, were under their individual capacities.  Successors in their positions and their personal representatives would not be able to be held liable for their actions.
19. The accusations and characterization of the plainitiffs conduct  as "unprofessional" are false.
20. The defendants chose to expel the plaintiff a couple of weeks into the spring semester of 2012.  The timing delayed the possibility of the plaintiff matriculating in the Duquesne University of Pennsylvania counseling program for a year.
21. In continuing his education at another university, the plaintiff will lose between one half and two thirds of the credits that he earned during his time at Indiana University of Pennsylvania.  Credits that the plaintiff had already committed time and money toward earning.
22. The delay in completing his education caused by the defendants action(s) caused the plaintiff harm through lost use of his degree and a delay in counselor licensing.
23. The plaintiff would ask the court for an injunction to prohibit Indiana University of Pennsylvania from marking his academic record with an expulsion due to the harm that it adds to the plaintiff.
24. The plaintiff would like to add an additional state charge of libel against defendant Mack for the false characterization of the plaintiff conduct in the counseling program
25. Wherefore, the plaintiff demands judgement against the defendants in their individual capacities of $78,058 in actual costs and punitive damages of $25,000 for the defendants callous and reckless disregard of the plantiff's due process rights, court costs, attorneys fees, and for such other relief as the court deems just.

JURY TRIAL IS DEMANDED

Signature 

John Abernathy

7344 Whipple St.

Apt 2

Pittsburgh, PA 15218

VERIFICATION

I hereby certify under the penalty of perjury that I am the plaintiff in this case; that I have read the amended complaint and the facts relayed there in are true and correct to the best of my knowledge information and belief.