IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN ABERNATHY,  )
             Plaintiff,  ) Civil Action No. 2:12-cv-1119
v.  )
   ) Judge Mark R. Hornak
INDIANA UNIVERSITY OF  )
PENNSYLVANIA, et al.,  )
             Defendants.  )

## MEMORANDUM ORDER

**AND NOW**, this 18TH day of June, 2013, it is **ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 17) is **GRANTED IN PART AND DENIED IN PART**. The Motion will be **GRANTED** with respect to Plaintiff's libel claim, and **DENIED** with respect to Plaintiff's Fourteenth Amendment due process claim.

On January 7, 2013, this Court granted in part Defendants' Motion to Dismiss (ECF No. 8), in which it dismissed with prejudice Plaintiffs' contract claims, as well as Plaintiff's claims for monetary relief[1] against Defendants Indiana University of Pennsylvania ("IUP") and Dandeneau, Mack, and Klimarx in their official capacities. ECF No. 14. The Court dismissed without prejudice the individual capacity claims against the Defendants, and gave Plaintiff (who

---

[1] The Court notes that its written order memorializing its on the record ruling in open court stated that "[all] Plaintiff's claims" against IUP and the other Defendants in their official capacities would be dismissed, ECF No. 14, while the Court's on the record ruling stated that only "claim[s] for damages or monetary relief" against those Defendants were dismissed as barred by the Eleventh Amendment, Motion Hr'g. Tr. 17:19-20, Jan. 7, 2013, ECF No. 15. The Court clarifies its prior written Order so as to conform to its oral ruling: only the claims for monetary relief against IUP/ Defendants in their official capacities are dismissed, while at this juncture, any claims for equitable or injunctive relief remain.

is appearing *pro se*) an opportunity to more specifically allege facts in support of those claims. *Id.*

First, the Court disagrees with Defendants' argument that Plaintiff cannot state a 42 U.S.C. § 1983 claim predicated on a Fourteenth Amendment due process violation when he was dismissed from the IUP graduate program in which he was enrolled because he has not demonstrated that he has a property interest in his education protected by the Fourteenth Amendment, nor that he was denied any process that may have been due. In multiple instances courts in this Circuit have held, or at least assumed, that students of state institutions of higher education have a property interest in that higher education that is protected by minimum standards of Fourteenth Amendment due process. *See Furey v. Temple Univ.*, 730 F. Supp. 2d 380, 394-95 (E.D. Pa. 2010); *Osei v. Temple Univ. of Commonwealth Sys. of Higher Educ.*, CIV.A. 10-2042, 2011 WL 4549609 (E.D. Pa. Sept. 30, 2011) *aff'd sub nom. Osei v. Temple Univ.*, 11-4033, 2013 WL 870376 (3d Cir. Mar. 11, 2013) (unreported); *Manning v. Temple Univ.*, 157 F. App'x 509, 515 (3d Cir. 2005); *Mauriello v. Univ. of Med. & Dentistry of N. J.*, 781 F.2d 46, 52 (3d Cir. 1986); *see also Bd. of Curators of Univ. of Missouri v. Horowitz*, 435 U.S. 78 (1978). Nor given those precedents can this Court conclusively say at this point, viewing the facts in a light most favorable to Mr. Abernathy, that Mr. Abernathy was afforded all the process to which he may have been constitutionally due – for example, he alleges that the only opportunity he had to respond to the charges against him was in the form of an "appeal letter," with no other chance to be heard. Am. Compl. ¶ 14, ECF No. 16. His Amended Complaint plausibly alleges that he was deprived of property without (1) notice and (2) a meaningful opportunity to be heard, the hallmarks of Due Process. Therefore, at this juncture, this claim will be permitted to stand.

Second, the Court agrees with Defendants that the state libel claim Plaintiff newly asserted in his Amended Complaint against Defendant Mack "for the false characterization of the plaintiff['s] conduct in the counseling program," assumedly made in Mr. Mack's letter of dismissal written to Plaintiff, should be dismissed. Am. Compl. ¶ 24. The Court will exercise supplemental jurisdiction over this claim because it shares a common nucleus of operative facts with Plaintiff's federal law claims. 28 U.S.C. § 1367. For one, Dr. Mack would have necessarily been "acting in the scope of [his] duties" when writing the letter of dismissal, and therefore would be protected by sovereign immunity for the libel claim. *See Brown v. Blaine*, 833 A.2d 1166, 1172-73 (Pa. Commw. Ct. 2003); 1 Pa C.S. § 2310. Additionally, Plaintiff has not pled any facts from which it can be plausibly inferred that there was any "publication" of this letter to a third party, written from Mr. Mack to Mr. Abernathy, which is a necessary element of a state law libel claim. *See* 42 Pa. C.S. § 8343; ECF No. 11-1. Therefore, this claim will be dismissed with prejudice.

Finally, the Court reiterates its prior holding that all monetary claims against IUP and the other Defendants in their official capacities are barred by the Eleventh Amendment. *See, e.g., Toth v. California Univ. of Pennsylvania*, 844 F. Supp. 2d 611, 648 (W.D. Pa. 2012) (collecting cases). The Commonwealth's limited waiver of sovereign immunity for "claims for *damages caused by* . . . care, custody or control of personal property in the possession or control of Commonwealth parties," 42 Pa. C.S. § 522(b)(3) (emphasis added), does not in any way relate to the facts of this case, as Plaintiff argues. That exception "only applies when the property itself causes the injury," *Pyeritz v. Com.*, A.3d 687, 696 (Pa. 2011), and therefore does not waive sovereign immunity for harm *to* an individual's property caused by another action, as Plaintiff argues Defendants' actions damaged the "personal property" of his education.

3

To conclude, the only remaining claims in this case are (1) a § 1983 claim against Defendants Dandeneau, Mack, and Klimarx in their individual capacities for allegedly depriving Plaintiff without due process of law of his interest in his higher education protected by the Fourteenth Amendment; and (2) a claim for injunctive or equitable relief against all Defendants so as to remedy such deprivation.

A status conference is hereby **SCHEDULED** for July 17, 2013, at 3:00 p.m. in Courtroom 6A, United States Courthouse, 700 Grant Street, Pittsburgh, PA, at which time the parties shall be prepared to discuss further proceedings in light of the Court's Memorandum Order of this date.

Mark R. Hornak
United States District Judge

cc: All counsel of record
John Abernathy, *pro se*